■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD E. WILSON, Respondent.—Order reversed and indictment reinstated. Memorandum: In our view the facts of this case justified the initial stop of defendant pursuant to CPL 140.50, and accordingly we reverse the order of suppression and reinstate the indictment. In defining the element of reasonable suspicion upon which an initial stop is justified under CPL 140.50, the Court of Appeals has stated that such suspicion "is the quantum of knowledge sufficient to induce an ordinarily prudent and cautious man under the circumstances to believe criminal activity is at hand [citations omitted]. To justify such an intrusion, the police officer must indicate specific and articulable facts which, along with any logical deductions, reasonably prompted that intrusion." *(People v Cantor,* 36 NY2d 106, 112-113.) In the instant case the police officers, one of whom knew defendant and also was aware that defendant had previously been arrested several times for daylight burglaries, observed defendant riding a 10-speed bicycle in Syracuse, New York. They also observed that he was carrying a crumpled brown paper bag which the officers stated was of a type often used to transport stolen property. When they approached defendant in their unmarked police car and called to him, defendant acted as if he didn't known them, rode his bicycle through a red light and crossed over to the intersecting lane of traffic. At this point the officers jumped the red light, overtook defendant and stopped him. There can be no doubt that at the time of the police officers' initial observation of defendant there was no reasonable suspicion to stop him. The mere fact that he carried a certain crumpled brown paper bag was equally consistent with his innocence as with his guilt and, absent more, would not justify a stop. However, when the police approached defendant and he attempted to "flee" by ignoring their call, running the red

light and entering an intersecting lane of traffic, the police then had sufficient specific and articulable facts to support a belief that criminal activity was at hand. At this point the subsequent stop of defendant was fully justified. All concur, except Cardamone and Simons, JJ., who dissent and vote to affirm the order in the following memorandum: Two out-of-service plain clothes police officers in an unmarked vehicle initially accosted the defendant in broad daylight at 2:30 P.M. on a summer afternoon because they were aware of his past criminal history and observed him carrying a brown paper bag. We are all agreed that under these circumstances the police had no articulable basis for a reasonable suspicion that criminal activity was afoot *(People v Cantor,* 36 NY2d 106, *supra;* cf. CPL 140.50). The record reveals that the two officers were recovering a stolen car and waiting for a patrol car to relieve them. They were neither investigating a burglary, nor had they had any information that one had been committed in their vicinity. Since it is clear that there was no reasonable basis to stop the defendant, we conclude that the officers' initial encounter with him must have been based upon mere whim or caprice. Under these circumstances, the police action was not justified in its inception (cf. *People v De Bour,* 40 NY2d 210). Only by expanding the scope of the initial encounter to include all of the subsequent action of the defendant, has the majority been able to find sufficient articulable facts to justify the subsequent stop and seizure of defendant. We disagree with their conclusion. The police officers may not justify the later stop and seizure of this defendant by a suspicion acquired subsequent to and resulting from the unfounded initial encounter. This reasoning is the same which refuses to validate a search by what it produces *(People v De Bour, supra,* pp 215-216). (Appeal from Order of Onondaga County Court—motion to dismiss indictment.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.